ROGERS, J.
 

 This is a petitory action in which the defendant appeals. from a judgment in plaintiffs favor.
 

 In the year 1916, the New Orleans City Railroad Company, the ancestor in title of the plaintiff, New' Orleans Public Service, Inc., was the owner of a certain tract of land bordering the shore of Lake Pontchartrain in the city of New Orleans. This tract of land, as shown on a plan drawn by W. H. Williams, surveyor, dated April 20, 1871, and deposited as plan No. 1 in the office of Theodore Guyol, notary, was irregular in shape. Its northern boundary line was the shore of the lake. Its eastern boundary line lay at a distance of 100 feet from Mercer avenue, and its western boundary line was the division line of the Hazeur tract. On the south the tract of land was bounded by Lake avenue. This avenue, beginning at a distance of 343 feet, approximately, from Mercer avenue, extended southwestwardly at an angle of about 20 degrees to the eastern boundary line of the Hazeur tract.
 

 In the same year, the defendant Charles Boutall was the owner of a portion of ground composed of parts of lots 13 and 14 as delineated on the aforesaid plan of Williams, surveyor. This portion of ground was bounded on the north by Lake avenue and on the south by Lee avenue. It therefore lay directly opposite the property of the New Orleans City Railroad Company, Lake avenue constituting the northern boundary of one and the southern boundary of the other of the properties.
 

 
 *952
 
 On April IS, 1916, the New Orleans City Railroad Company dedicated to the city of New Orleans out of its property a strip of land along the shore of Lake Pontchartrain to be used for highway and levee purposes. The municipality built a levee along the shore of the lake, and immediately in the rear and parallel, to the levee constructed a highway which was connected with that part of Lake aO>nue running at right angles to Mercer avenhe for a distance of about 343 feet, thus forming a straight roadway from the latter avenue to the eastern boundary line of the Hazeur tract. This roadway is now known as Lake avenue, that part of the original avenue extending in a southwestwardly direction on a diagonal line having apparently been abandoned.
 

 In the year 1920, the defendant Charles Boutall erected a residence and established a garden fronting on Lake avenue as relocated. This suit is by plaintiff, New Orleans Public Service, Inc., as the present owner by mesne conveyances of the original tract of land, less so much thereof as was dedicated to the city of New Orleans, for the recognition of its title and to compel delivery of the land occupied by the residence and garden of the defendant.
 

 Defendant resists plaintiff’s suit on the ground, substantially, that the land on which his residence and garden are located forms part of the strip of land which was dedicated by the New Orleans City Railroad Company, plaintiff’s ancestor in title, to the city of New Orleans, and that plaintiff is without interest or title therein. He avers that upon the abandonment of old Lake avenue, upon which his vacant lot faced, he received tacit permission from the municipality and express written permission from the Orleans Levee Board to remove from the abandoned avenue to the relocated avenue and there erect his residence so that it would front on the new or present Lake avenue; the entire distance between the old and new streets being included in the dedicated property.
 

 The evidence in the record discloses that defendant's contention is wholly unfounded. The dedication by the New Orleans City Railroad Company to the city of New Orleans did not divest the donor of title to all of its property located at that particular spot. There still remained in the donor out of the original tract of land owned by it a portion of ground triangular in shape, the apex of the triangle lying at a short distance east of the division line between original lots 12 and 13 on the plan of Williams, surveyor, and the base of the triangle resting on the division line of the Hazeur tract. The side lines of the triangle are formed by the property line on the south side of new Lake avenue and the property line on the north side of old Lake avenue. The'area between the two avenues, therefore, is the private property of the plaintiff, as the successor to the donor, the New Orleans City Railroad Company, and not the property of the municipality. The residence and garden of the defendant are located immediately north of the original front property line of his vacant lot on the south side of old Lake avenue, and lies partly upon the property of the plaintiff and partly upon the abandoned portion of the avenue; the greater portion, however, being located on plaintiff’s land.
 

 The judgment of the court below recognized plaintiff as the owner in perfect ownership of the property called for in the original title of its predecessor, the New Orleans City Railroad Company, less that portion of the property dedicated to the city of New Orleans for highway and levee purposes, and
 
 *954
 
 ordered that plaintiff be put in possession thereof by writ of possession to be issued and executed according to law. Our conclusion is that the judgment is correct.
 

 For the reasons assigned, the judgment appealed from is affirmed.